UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

New BKFarmhouse Inc.

                Plaintiff,

v.                                            Case No.: 1:24–cv–02495

                                                 Honorable Franklin U. Valderrama

The Partnerships and Unincorporated Associations
Identified on "Schedule A", et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, May 24, 2024:

       MINUTE entry before the Honorable Franklin U. Valderrama: This is a "Schedule A" case, which is a type of lawsuit typically filed against a group of sellers whose assumed names are listed on an attachment to the complaint, usually called &quot;Schedule A." Oakley, Inc. v. P'ships & Unincorporated, 2021 WL 308882, at *1 (N.D. Ill. January 30, 2021). Before the Court is Plaintiff's motion for default judgment as to certain Defendants. R. [18], Mot. Default; R. [18–1], Memo. Default. The Court denies the motion [18] without prejudice for the following reasons. Plaintiff requests that the Court award the entire amount of the restrained balances in each Defaulting Defendant's Amazon account, totaling $102,007. Memo. Default at 11–12. Plaintiff also provided a declaration in support of its default motion stating that, "[b]y failing to respond to Plaintiff's First Set of Requests for Admissions, each Defaulting Defendant admitted... that the restrained Amazon account balances are less than profits." R. 18–2, Wolfgram Decl. para. 8. However, the declaration also states, "Defaulting Defendants further admitted to... having a combined revenue of at least $68,223 USD, having combined profits of at least $17,055 USD, and having a combined restrained Amazon financial account balance of $102,007." Id. para. 9. The Court finds there to be inconsistencies between the admission that "the restrained Amazon account balances are less than profits" and the actual amounts of restrained balances and profits indicated in the declaration; specifically, the $84,953 gap between the $17,055 in profits and the $102,007 restrained. True, under Federal Rule of Civil Procedure 36(a)(3), a defendant's failure to respond to a request for admit results in a matter being deemed admitted, so technically, if Defaulting Defendants failed to respond to a request to admit that "their restrained Amazon account balance [is] less than its profits," that is deemed admitted. Still, a plaintiff is not entitled to a windfall unsupported by the evidence when a defendant defaults. Here, Plaintiff provides information about the amount of Defaulting Defendant's profits, which obviously is a more accurate measure of the damages allowable under 35 U.S.C. § 289. Although Plaintiff does not specifically request damages in the amount of Defaulting Defendants' revenue, Plaintiff cites several cases in which a court has entered a profit award for the entire revenue amount where the infringer has failed to produce evidence as to the costs to be subtracted from revenue to calculate the profits. Memo. Default at 9–10 (collecting

cases). This is certainly true, but the Court is still faced with the numbers provided by Plaintiff: that is, that Defaulting Defendants' profits total at least $17,055 and their revenue totals at least $68,223. Plaintiff does not explain where these amounts came from, or why it should be entitled to the $51,168 difference between profits and revenue, given Plaintiff was able to calculate the amount of Defaulting Defendants' profits (which was not possible in the cited cases). In the alternative to its request for the entire restrained balances, Plaintiff requests "$204,669, treble the amount of the combined profits under 35 USC 284." Memo. at 11. True, enhanced damages up to three times the amount are allowed under Section 284, but the Court is not convinced such enhanced damages are necessarily appropriate here. Based on the Court's review of the cases cited in Plaintiff's memorandum following its request for treble damages, none awarded treble damages. Id. at 11–12 (collecting cases, all of which awarded $100,000 per defaulting defendant; in each of the cited cases, the court awarded $100,000 per defaulting defendant based on the unanswered Requests for Admission that the defaulting defendant's "profits from the sale of the Infringing Products totals more than $100,000." See, e.g., Oakley, Inc. v. ADVENTURER, et al, No. 20–cv–00277, Dkts. 56 at 3 (citing Fed. R. Civ. P. 36(a)(3)), 56–3 at 2 (N.D. Ill. Jun. 8, 2020)). In a renewed default motion, Plaintiff must either request an award consisting of the amount of profits per Defaulting Defendant or explain, with supporting authority, why Plaintiff is entitled to either the amount restrained or the Defaulting Defendants' revenue when Plaintiff has evidence regarding Defaulting Defendants' profits. If Plaintiff continues to request treble the amount of Defaulting Defendants' profits, any renewed motion must further support the basis for the request for enhanced damages and cite other patent "Schedule A" cases from this District, in which the court has awarded enhanced damages. Notices Mailed. (psm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.